# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MERCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATEVOUSIAN, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00265-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff William Mercer ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff initiated this action on February 23, 2018, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 26, 2018, the Court issued an order requiring Plaintiff to consent to or decline United States Magistrate Judge jurisdiction within thirty days. (ECF No. 3.) Thereafter, on February 27, 2018, the Court denied Plaintiff's motion to proceed *in forma pauperis*, without prejudice, due to Plaintiff's failure to include a certified copy of his trust account statement for the prior six months. The Court ordered Plaintiff to submit a completed application to proceed *in forma pauperis* within forty-five (45) days. (ECF No. 4.)

///

On March 20, 2018, the Court's February 26, 2018 and February 27, 2018 orders were returned as "Undeliverable, No Longer at this Facility." Plaintiff has not responded to the Court's orders, filed a notice of change of address, or otherwise communicated with the Court regarding this action.

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, Plaintiff's address change was due no later than May 29, 2018. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. This action has been pending since February 2018 and can proceed no further without Plaintiff's

---

[1] Courts may dismiss actions *sua sponte* under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

compliance and cooperation with the Court's orders.  Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.  Indeed, a civil action may not proceed absent the submission of either the filing fee or an application to proceed *in forma pauperis*.  28 U.S.C. §§ 1914, 1915.

More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address.  Id. at 1228–29; Carey, 856 F.2d at 1441.  The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 6, 2018**               /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE