# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MERCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00265-DAD-BAM (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>(ECF No. 1.)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff William Mercer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's complaint, filed on February 23, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Bivens Actions Following Ziglar v. Abbasi

Plaintiff is a federal prisoner proceeding under Bivens. To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted).

If a claim presents a new context in Bivens, then the court must consider whether there are special factors counseling against extension of Bivens into this area. Ziglar, 137 S.Ct. at 1857. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

### III. Plaintiff's Allegations

Plaintiff currently is housed at the United States Penitentiary, Victorville in Adelanto, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the United States Penitentiary, Atwater, in Atwater, California. Plaintiff names the following defendants: (1) Warden Andre Matevousian; (2) Assistant Warden; and (3) Jeniral Fomer – Mr. Day.

In relevant part, Plaintiff, whose request for relief suggests he is an amputee above the knee, alleges that he was hopping around in the shower with one leg and nothing to hold to or sit down on. The wet water and soap caused him to fall three times, hurting his neck, back and stomach hernia. Plaintiff further alleges that in or about 2017 and 2018, he fell in the shower. Plaintiff claims that he talked to the named defendants, but none of them rectified the problem after his fall and were deliberately indifferent. He received the complaint form in this action on February 15, 2018, and packed all his documents on February 16, 2018, to leave the institution on February 20, 2018. Plaintiff asserts that he was asked to drop and withdraw this complaint nine times.

Plaintiff alleges violation of his Fourth, Eighth and Fourteenth Amendment rights, along with a violation of the Americans with Disabilities Act. Plaintiff seeks monetary damages.

**III.    Discussion**

Plaintiff's complaint fails to state a cognizable claim for relief.  As Plaintiff is proceeding pro se, and in an abundance of caution, Plaintiff will be granted leave to amend his complaint to the extent he can do in good faith.  To assist Plaintiff, the Court provides the following legal and pleading standards that appear applicable to his claims.

**A. Violation of the Fourth Amendment**

Plaintiff asserts a violation of his Fourth Amendment rights.  The nature of this claim is unclear, and the Supreme Court only has recognized an implied cause of action for police search and seizure in violation of the Fourth Amendment.  Bivens, 403 U.S. 388.  Plaintiff's allegations do not implicate a Fourth Amendment search and seizure claim.  This deficiency cannot be cured by amendment.

**B. Violation of Fifth and Fourteenth Amendments**

Although not entirely clear, it appears that Plaintiff is attempting to assert a due process or equal protection claim by invoking both the Fifth and Fourteenth Amendments to the United States Constitution.  As a federal prisoner, however, Plaintiff's purported due process or equal protection claim is secured by the Fifth Amendment, not the Fourteenth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process by the several States."); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (Fifth Amendment's Due Process Clause subjects the federal government to constitutional limitations that are equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment) (citations and quotations omitted). Accordingly, Plaintiff cannot state a cognizable Fourteenth Amendment claim.

With respect to Plaintiff's attempt to assert a Fifth Amendment claim, the Supreme Court has extended Bivens only to a gender discrimination claim arising from the Fifth Amendment. Davis, 442 U.S. 228.  Gender discrimination is different that Plaintiff's claims arising out of the failure to provide a handicap accessible shower after a fall.  Accordingly, because Plaintiff's Fifth Amendment claim arises in a different context from that of Davis, the Court also must employ a

special factors analysis for this claim. See Ziglar, 137 S.Ct. at 1864 ("[E]ven a modest extension [of Bivens] is still an extension.").

As discussed in Ziglar, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Ziglar, 137 S.Ct. at 1865. It is clear Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim. This deficiency cannot be cured by amendment.

**C. Violation of the Eighth Amendment**

As with his other claims, the nature of Plaintiff's Eighth Amendment claim is unclear. To the extent Plaintiff is asserting a claim related to prison medical care, he has failed to state a claim. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Plaintiff must show (1) a serious medical need and (2) defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).

Plaintiff's complaint does not allege that any defendants knew of and failed to respond to any medical need prior to his slip and fall in the shower. There is nothing to suggest that any of the defendants were aware that Plaintiff was required to hop on one leg in the shower. It also is not

5

clear from Plaintiff's allegations if he had other devices available to him to assist with his daily mobility, including showering. Although Plaintiff alleges that defendants did not respond to his later requests regarding a handicap accessible shower, there is no indication that Plaintiff suffered any harm from any failure to respond. In other words, Plaintiff's complaint does not include allegations to suggest that he suffered any injury after he began complaining about the shower. Plaintiff will be granted leave to amend this claim to the extent he can do so in good faith.

Insofar as Plaintiff is asserting a conditions of confinement claim, such a claim differs from a medical care claim. As indicated above, in <u>Carlson</u>, the Supreme Court extended <u>Bivens</u> to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. However, deliberate indifference to a serious medical need, <u>see</u> <u>Carlson</u>, 446 U.S. at 16 n.1, is different than Plaintiff's claims arising out of any failure to provide a specific handicap accessible shower after a fall. Accordingly, because Plaintiff's Eighth Amendment conditions of confinement claim arises in a different context from those of <u>Carlson</u>, the Court also must employ a special factors analysis for this claim. For the same reasons that counsel hesitation in the Fifth Amendment context discussed above, the Court similarly declines to find an implied <u>Bivens</u> cause of action arising out of Plaintiff's Eighth Amendment conditions of confinement claim in these circumstances. This deficiency cannot be cured by amendment.

**D. Americans with Disabilities Act ("ADA")**

The ADA applies only to state and local entities, not to the United States government, its agencies, or its employees. See 42 U.S.C. § 12131(1) (defining "public entity" as encompassing State and local governments); <u>see also</u> <u>Bosworth v. Unites States</u>, 2016 WL 4168852, at *3-4 (C.D. Cal. Aug. 5, 2016) (dismissing federal prisoner's ADA claim for failure to state a claim under 28 U.S.C. § 1915A). Therefore, Plaintiff fails to state a cognizable ADA claim. This deficiency cannot be cured by amendment.

**E. Federal Tort Claims Act**

To the extent Plaintiff seeks to bring a tort claim against defendants, he is advised that the United States is the only proper defendant in a FTCA action. <u>Lance v. United States</u>, 70 F.3d 1093,

1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). However, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiff has not alleged compliance with the FTCA.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff must state what the defendants did that deprived the Plaintiff of his constitutional rights. Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised of the general rule that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 13, 2018**             /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE