# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MERCER,<br><br>    Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00265-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 15) |

Plaintiff William Mercer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). On August 14, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 14.) Plaintiff's first amended complaint, filed on September 17, 2018, is currently before the Court for screening. (ECF No. 15.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Bivens Actions Following Ziglar v. Abbasi

Plaintiff is a federal prisoner proceeding under Bivens. To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 137 S.Ct.

1843, 1857 (2017) (citations omitted).

If a claim presents a new context in Bivens, then the court must consider whether there are special factors counseling against extension of Bivens into this area. Ziglar, 137 S.Ct. at 1857. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

### III. Plaintiff's Allegations

Plaintiff currently is housed at the United States Penitentiary, Victorville in Adelanto, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the United States Penitentiary, Atwater, in Atwater, California. Plaintiff names the following defendants: (1) Warden Andre Matevousian; (2) Assistant Warden; and (3) Jeniral Fomer, Federal Bureau of Prisons; and (4) Mr. Day, Federal Bureau of Prisons. Plaintiff asserts a violation of the Eighth Amendment to the United States Constitution.

The bulk of Plaintiff's amended complaint is comprised of legal argument and reference to his prior complaint. As Plaintiff previously was advised, the general rule is that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. For purposes of screening, the Court will not refer to the prior complaint, and will limit its screening to the factual allegations asserted in Plaintiff's amended complaint.

In his amended complaint, Plaintiff alleges as follows: He is an amputee above the knee. When he took shower, it was not safe. The prison provided no hand rails in the showers for

3

handicapped inmates who could not stand in the showers. The prison provided no sitting area or bath tub to bathe for inmates who could not stand to shower. Unless an inmate could stand up, there was no alternative provided.

On several occasions in 2017 and 2018, Plaintiff fell in the shower from the soap and water because there was no way to hold himself up with no hand rails or sitting positions provided in the showers. The multiple falls in the shower resulted in Plaintiff hurting his neck, back and stomach hernia. The more Plaintiff complained to the named defendants, then the more they ignored him. Plaintiff alleges that defendants purposely ignored Plaintiff because they knew that their institution was not equipped to care for or to provide for inmates who had disabilities like those exhibited by Plaintiff. Staff reportedly ignored Plaintiff's shower incidents and the physical pains that came with them. Defendants allegedly knew that they faced liability when they continually tried to convince Plaintiff to stop complaining and to stop his grievances.

**IV.    Discussion**

As with his original complaint, to the extent Plaintiff is asserting a claim related to prison medical care, he has failed to state a claim. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Plaintiff must show (1) a serious medical need and (2) defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).

Plaintiff's complaint does not allege that any defendants knew of and failed to respond to any medical need after he slipped and fell in the shower. Although Plaintiff alleges that defendants did not respond to his later requests regarding a handicap accessible shower, there is no indication that Plaintiff suffered any harm from any failure to respond. In other words, Plaintiff's complaint does not include allegations to suggest that he suffered any injury after he began complaining about the shower.

4

Critically, Plaintiff's allegations are properly characterized as a conditions of confinement claim, which differs from a claim for failure to provide medical care or treatment. As indicated above, in Carlson, the Supreme Court extended Bivens to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. However, deliberate indifference to a serious medical need, see Carlson, 446 U.S. at 16 n.1, is different than Plaintiff's claims arising out of any failure to provide a specific handicap accessible shower after a fall. Accordingly, because Plaintiff's Eighth Amendment conditions of confinement claim arises in a different context from that of Carlson, the Court also must employ a special factors analysis for this claim.

As discussed in Ziglar, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Ziglar, 137 S.Ct. at 1865. It is clear Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens cause of action arising out of Plaintiff's Eighth Amendment conditions of confinement claim in these circumstances. This deficiency cannot be cured by amendment, and thus further leave to amend is not warranted.

**V.    Conclusion and Recommendation**

For the reasons stated, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable Bivens claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 4, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE